NUNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HANNAH COLLEEN CAHILL | CIVIL ACTION |
| VERSUS | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL. | NO. 21-00541-BAJ-EWD |

## RULING AND ORDER

Before the Court is the Unopposed Motion for Leave to Amend and Remand, filed by Plaintiff. (Doc. 5). Through the Motion for Leave, Plaintiff seeks, *inter alia*, to substitute Chance and Collin Parent for deceased Defendant Martin M. Parent. The Motion for Leave is unopposed. The unopposed Motion for Leave will be granted, allowing Plaintiff leave to file her First Supplemental and Amending Petition for Damages. (Doc. 5-1). As the parties are not diverse, the matter will be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction.

This is a civil action involving claims for damages allegedly sustained by Plaintiff because of a motor vehicle collision that occurred on July 23, 2020. (Doc. 1-2, ¶ 4). Plaintiff filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and originally named Martin M. Parent ("Parent"), whom she claims was driving the vehicle that struck hers; Cox Enterprises, Inc. ("Cox"), Parent's alleged employer; and

National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), which insured Parent's vehicle, as defendants. (*Id.* at ¶¶ 3–9) (Parent, Cox, and National Union are collectively referred to as "Defendants."). The case was removed to this Court on September 17, 2021, on the basis of federal subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 1, ¶ 6).

On September 24, 2021, the Court issued a Notice and Order that raised *sua sponte* the following issues: (1) the citizenship of Cox Enterprises, Inc., a named defendant, since Cox Communications Louisiana, LLC, purported to remove the case but was not a named defendant; (2) the citizenship of Parent, since the Notice of Removal incorrectly asserted that Parent's citizenship could be disregarded under 28 U.S.C. § 1441(b), as he had not been served. A video status conference was scheduled to discuss these issues. (Doc. 3).

At the video status conference, Defendants explained that Parent died in November 2020, months before Plaintiff filed her Petition, such that he was not a proper party to the suit under La. Code Civ. Proc. article 734. Plaintiff explained that Parent's succession "is done" and that his "heirs are residents of Ascension Parish, Louisiana." The Plaintiff was ordered to either file a Motion to Remand, if she believed Parent was a proper party; or a Motion for Leave to Amend seeking to substitute the proper party defendant(s). (Doc. 4).

On October 6, 2021, Plaintiff filed the Motion for Leave, seeking to substitute Cox Communications Louisiana, LLC for Cox Enterprises, Inc., and to substitute Martin Parent's legatees, Chance and Collin Parent, as defendants. (Doc. 5-1). The

substitution of Chance and Collin Parent, who are alleged to be Louisiana domiciliaries, will destroy complete diversity. (Doc. 5-1, ¶ I). Plaintiff is also alleged to be a Louisiana domiciliary. (Doc. 1-2, p. 1). The Motion for Leave states that it is unopposed.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Courts liberally construes Rule 15(a) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend."); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ("[a] district court must possess a substantial reason to deny a request for leave to amend.") (quotations omitted). However, when a post-removal amendment would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).

It is not clear that the heightened scrutiny required under Section 1447(e) should apply in this case. Plaintiff's original Petition names Parent as a defendant and, based on the allegations in the original Petition, Plaintiff has stated a claim against Parent, who was allegedly driving the vehicle that struck Plaintiff's car, causing her injuries. Now that Plaintiff is aware that Parent is deceased, the Motion for Leave merely seeks to substitute Parent's legatees as defendants, as, under Louisiana law, a legatee is a testate successor pursuant to a will. La. Civ. Code arts. 874, 876. Although Parent's citizenship is not adequately alleged in the original Petition or in the Notice of Removal, he is alleged to be a resident of Ascension Parish, and was likely a Louisiana domiciliary. (Doc. 1-2, p. 1).

Even were the *Hensgens* factors applied, the Motion for Leave would be granted. The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182. The purpose of the amendment does not appear calculated to defeat diversity as the originally named defendant, Parent, was likely also a Louisiana domiciliary. Plaintiff filed the Motion for Leave within the time period established by the Court and Plaintiff will potentially be prejudiced if the amendment to substitute the legatees for the alleged tortfeasor is denied. Further, no other factors bear on the equities as the case has been pending in this district for less than a month,

4

during which time only jurisdictional issues have been addressed, and Defendants do not oppose the Motion.

Accordingly,

**IT IS ORDERED** that the Unopposed Motion for Leave to Amend and Remand, filed by Hannah Colleen Cahill, is **GRANTED**. (Doc. 5). As the parties are not completely diverse, the matter will be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction.

Baton Rouge, Louisiana, this 21ST day of October, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**